# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS,<br><br>    Plaintiffs,<br><br>  v.<br><br>BLAINE CLAXTON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CRIM. NO. 2006-0030<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Finch, Senior Judge.

  THIS MATTER comes before the Court on the Motion for Judgment of Acquittal filed by Defendant Blaine Claxton.  Claxton contends that there was insufficient evidence for the jury to find him guilty of conspiracy to possess cocaine with intent to distribute and possession with intent to distribute cocaine powder as charged in Counts 1 and 3, respectively,  and use of a telephone to commit a drug felony, as charged in Counts 19, 20, 22, 23, 33, and 34.  Claxton also contends that the conspiracy charge was dismissed against him, in that the Government redacted his name from Count 1 of the Superseding Indictment before it was read to the jury.  Finally, Claxton asserts that the Court impermissibly amended Count 1 of the indictment, in violation of the Fifth Amendment, by acquitting him of conspiracy to possess with intent to distribute marijuana.

**I.**  **Standard of Review**

  Review of the sufficiency of evidence supporting a conviction is "highly deferential." United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001) (citation omitted).  The Court "must

determine whether the evidence submitted at trial, when viewed in the light most favorable to the government, would allow a rational trier of fact to convict." Hart, 273 F.3d at 371 (quotation omitted). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992) (quotation omitted). "Only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," may the Court overturn the jury's verdict. United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990) (quotation omitted).

"To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilty." United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990) (quotation omitted). "There is no requirement . . . that the inference drawn by the jury be the only inference possible or that the government's evidence foreclose every possible innocent explanation." Iafelice, 978 F.2d at 97. All issues of credibility are within the province of the jury. Gonzalez, 918 F.2d at 1132.

The Court views the totality of the circumstances when examining the sufficiency of the evidence. United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984). "The prosecution may fulfill its burden of proving the elements of a crime through circumstantial evidence." Paez v. O'Lone 772 F.2d 1158, 1160 (3d Cir. 1985); see Jackson v. Virginia, 443 U.S. 307, 324-25 (1979) (finding that necessary intent was proven beyond a reasonable doubt through circumstantial evidence); see also Leon, 739 F.2d at 891 (finding that record had sufficient circumstantial evidence for jury to find defendant guilty of aiding and abetting substantive crimes charged). "It is not unusual that the government will not have direct evidence. Knowledge is often proven by

circumstances.  A case can be built against the defendant grain-by-grain until the scale finally tips; and considering all the facts and drawing upon rational inferences therefrom, a reasonable jury could find beyond a reasonable doubt that the defendant committed the crime for which he is charged."  Iafelice, 978 F.2d at 98.  "Inferences from established facts are accepted methods of proof when no direct evidence is available so long as there exists a logical and convincing connection between the facts established and the conclusion inferred.  The fact that evidence is circumstantial does not make it less probative than direct evidence."  McNeill, 887 F.2d at 450 (citation omitted).

"The prosecution must prove every element of a crime charged beyond a reasonable doubt. . . ."  Government of the Virgin Islands v. Smith, 949 F.2d 677, 682 (3d Cir. 1991).  "[D]iminishing this burden violates a defendant's right to due process."  Id.  On a post-trial motion for acquittal based on the insufficiency of the evidence, the Court must determine whether there is substantial evidence, direct or circumstantial, with logical inferences drawn in the light most favorable to the government, from which a reasonably jury could have found beyond a reasonable doubt that the government proved all the elements of the offense.  See United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir. 1991).

**II.     Conspiracy**

Claxton contends that the Court amended the indictment by removing the distribution of marijuana as an objective of the conspiracy.  While "the Fifth Amendment forbids amendment of an indictment by the court, whether actual or constructive . . . the Constitution does not forbid all amendments to an indictment, but only those that effectively subject a defendant to the risk of

3

conviction for an offense that was not originally charged in the indictment." United States v. Wacher, 72 F.3d 1453, 1474 (10th Cir. 1995) (citation and quotation omitted).

In United States v. Muelbl, 739 F.2d 1175, 1178 (7th Cir.1984), the defendant argued, as Claxton does here, and as did the defendant in United States v. Grant, 2008 WL 56322258, at *7 (D.V.I., Feb. 1, 2008), that the jury was required to find a conspiracy to distribute each and every one of three charged controlled substances. The Seventh Circuit held:

> It is clear to this court that when the grand jury indicted the defendant for conspiracy to violate federal drug laws with regard to these three drugs, that it also charged a conspiracy to distribute and possess with intent to distribute each of these drugs individually. It simply defies logic to assert that the grand jury did not find a conspiracy to distribute with respect to each of these drugs individually, but rather found only a conspiracy to distribute all of the drugs collectively.

Id. at 1181. Because the grand jury found a conspiracy to distribute with respect to cocaine base, cocaine powder, and marijuana individually, the Court did not amend the indictment by acquitting Claxton of only conspiracy to distribute marijuana, without acquitting him of conspiracy to distribute cocaine base and cocaine powder.

Claxton maintains that the jury should not have been asked to reach a verdict on the conspiracy count because when the Redacted Superseding Indictment was read to the jury, he was not named as being charged with Count 1. The Government concedes that Claxton's name was inadvertently redacted from Count 1 before the charges were read to the jury.

A new trial will be held in this matter for other reasons. If, indeed, the Government's redaction resulted in constructive dismissal of this charge, Claxton will suffer no harm if the Government reinstates this charge at his new trial. Claxton does not indicate any basis for finding that the an inadvertent withdrawal of the charge could be considered a dismissal with

4

prejudice.

Claxton alternatively claims that there was insufficient evidence to support the jury's verdict against him on Count 1. The elements of conspiracy are: "(1) a shared 'unity of purpose,' (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal." United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006) (citation omitted). These elements can be proven "entirely by circumstantial evidence." United States v. Gibbs, 190 F.3d 188, 197 (3d Cir.1999).

The Government introduced conversations among Claxton, Defendants Zacheaus Blake and Kalif Berry as evidence of Claxton's role as a co-conspirator in a conspiracy to possess with intent to distribute cocaine base and cocaine powder. Viewing such evidence in the light most favorable to the Government, the Court finds that these conversations constitute substantial evidence from which the jury could readily determine that Claxton agreed to and did work together with Berry and Blake to possess with intent to distribute cocaine base and cocaine powder and to conceal their drug-trafficking activities.

**III.     Count 3 – Possession with Intent to Distribute Cocaine Powder**

The jury found Claxton guilty of possession with intent to distribute 500 grams or more of cocaine powder in violation of 21 U.S.C. § 841(a)(1). "[T]he elements of the offense are (1) knowing or intentional (2) possession (3) with intent to distribute of (4) a controlled substance." United States v. Goldberg, 538 F.3d 280, 287 (3d Cir. 2008) (quotation omitted).

In conversations recorded on October 6, 2005, Defendant Kalif Berry told Defendant Blake that "General," a nickname for Claxton, had "five plate of food," which he was holding for

Berry. Blake asked Claxton whether he had five "things." Claxton replied that he did and indicated that he was holding them for "Harry," a nickname for Berry, but that he wanted to get rid of them and would bring them to a particular location. A law enforcement officer testified that "plates" is a slang term referring to a measurement of drugs, but did not specify the type of drugs.

On October 16, 2005, Blake agreed to hide "four plate a food" at his sister's house. Law enforcement officers seized four kilos of cocaine powder from Blake's sister's house on October 17, 2005.

A jury could reasonably infer that the four kilos of cocaine powder found at Blake's sister's house were the same "four plate a food" that Blake agreed to hide at his sister's house the day before. From this the jury could deduce that "plate" is the slang term for a kilo of cocaine powder. Thus, when Berry told Blake that Claxton had "five plate of food" on October 6, 2005 and Claxton confirmed that he had five "things" the jury reasonably could conclude that Claxton possessed five kilos of cocaine powder.[1] From Claxton's indication that he wanted to get rid of the cocaine powder and that he would bring it to a particular location, the jury could find that the cocaine powder was not for personal use, but for distribution. Viewed in the light most favorable to the Government, the Court finds that the Government proved, beyond a reasonable doubt, each element of the charged offense.

---

[1] Whether or not there is sufficient evidence to demonstrate that four of the five kilos that Claxton possessed were the same four kilos that were found in Blake's sister's house on October 17, 2005, as the Government suggests, is immaterial to the question of whether Claxton possessed with intent to distribute 500 grams or more of cocaine powder on October 6, 2005

### IV.     Counts 19, 20, 22, 23, 33, and 34 – Use of Communication Facility to Commit a Drug Felony

When a defendant knowingly or intentionally uses a telephone to commit, cause or facilitate the commission of a drug felony, the defendant violates title 21 U.S.C. § 843(b). United States v. Johnstone, 856 F.2d 539, 542 (3d Cir. 1988).

Claxton was charged with knowingly and intentionally using a telephone to commit, cause, and facilitate the commission of the offense of conspiracy to distribute controlled substances, including cocaine powder, cocaine base, and marijuana.  "The occurrence of the underlying drug felony is a fact necessary to finding a violation of § 843(b)" and must be proven beyond a reasonable doubt.  Id. at 543.

In the telephone call referenced in Count 19, Claxton arranged with Blake to give "Abatash" a half ounce of crack cocaine.  This furthers the conspiracy to distribute controlled substances, as charged in Count 1.

The telephone call of Count 20, according to the Government, relates to an agreement to distribute marijuana.  The Court acquitted Defendants of all charges regarding marijuana before the matter went to the jury for deliberation.  Thus, Claxton's Motion for Judgment of Acquittal is granted as to Count 20.

The jury could find that Blake communicated to Claxton, in the telephone conversation of Count 22, the location of ten grams of crack cocaine and that Claxton confirmed to Blake that he had retrieved the crack cocaine.  In this conversation, Blake and Claxton also arranged to sell the crack cocaine to a third party for $200.00.  The evidence adduced in support of Count 22 meets the elements of using a communication facility to commit a drug felony.

Count 23 refers to a telephone call in which Claxton acknowledged to Blake that he had five "things," belonging to Berry and agreed to retrieve them from where he had stored them. Claxton also committed to bringing the "things" to Princess.  As discussed above with respect to Count 3, the jury could reasonably infer that the five "things" were five kilos of cocaine powder. Thus, substantial evidence shows that Claxton knowingly and intentionally used a telephone to facilitate the commission of the offense of conspiracy to distribute cocaine powder.

In the telephone call of Count 33, Berry and Claxton discuss, using slang terms, the quality and quantity of some cocaine powder that Berry received.  Claxton explains to Berry that he will convert it to ounce quantities for distribution and makes an arrangement with Berry to come to where Berry is located to see the cocaine powder.  Berry also tells Claxton that he told a St. Thomas contact that he would like to introduce the contact directly to Claxton.  Thus, this conversation involves using the telephone to facility the conspiracy to distribute cocaine powder or crack cocaine.

Finally, in Count 34, Claxton acquiesces to Berry's request that Claxton meet directly with Berry's supplier so that Berry will no longer have to serve as middleman.  Thus, this conversation also furthers the conspiracy to distribute controlled substances.

**V.     Conclusion**

For the foregoing reasons, the Court denies Defendant Blaine Claxton's Motion for Judgment of Acquittal as to all counts for which he was found guilty, except Count 20.  Claxton Motion for Judgment of Acquittal is granted as to Count 20.

ENTER:

DATE:   April 22, 2009          _____/s/_____
                                RAYMOND L. FINCH
                                SENIOR DISTRICT JUDGE