# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS, | ) ) ) ) | |
| Plaintiffs, | ) ) | CRIM. NO. 2006-0030 |
| v. | ) ) | |
| ZACHEAUS BLAKE, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER comes before the Court on the Motion to Dismiss Based on Double Jeopardy filed by Defendant Blaine Claxton. Claxton claims that a conviction of the conspiracy count charged in Count 1 of the Second Superseding Indictment in this matter would constitute double jeopardy in light of his plea to a conspiracy count in Criminal No. 06-31.

### I.  Double Jeopardy Jurisprudence

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life of limb." U.S. Const. amend V. "Double jeopardy attaches when it is shown that two offenses charged are in law and in fact the same offense." United States v. Ciancaglini, 858 F.2d 923, 927 (3d Cir. 1988) (quotation omitted).

To vindicate his double jeopardy rights, a defendant must first make a non-frivolous showing that a second indictment is for the same offense for which he was formerly in jeopardy. Then the burden shifts to the government to prove by a preponderance of the evidence that there were in fact separate offenses, or, as in this case, that the conspiracies are separate. See id.

"[A] conspiracy defendant will make out a non-frivolous showing of double jeopardy if he can show that (a) the 'locus criminis' of the two alleged conspiracies is the same, (b) there is a significant degree of temporal overlap between the two conspiracies charged, (c) there is an overlap of personnel between the two conspiracies (including unindicted as well as indicted coconspirators), and (d) the overt acts charged and the role played by the defendant according ot the two indictments are similar." Id. The Court uses a "totality of the circumstances test" in evaluating the merits of a conspiracy defendant's double jeopardy claim." Id.

II.     Analysis

The Government, in its oral argument at the close of the Government's case-in-chief, brought to the Court's attention the Plea Agreement within which Claxton stipulated to the facts and circumstances of the Crim. No. 06-31 conspiracy. Although the conspiracy charged in Crim No. 06-31 was more extensive, Claxton stipulated to the following factual basis for his guilty plea:[1]

> From September 1, 2005 to about November 18, 2005 in St. Croix, Defendant agreed with other co-defendants to distribute marijuana. Specifically, Defendant arranged for the receipt of approximately 3.8 kilograms of marijuana through the mail that was sent by co-defendant Richard Newman on or about September 29, 2005. Defendant also arranged for the receipt of approximately 895 grams of marijuana through the mails which was retrieved by co-defendant Charles Francis and hand delivered to Defendant. The amount of drugs involved in the conspiracy was between 2.5 kilograms and 5 kilograms of marijuana.

Because Claxton entered into this stipulation, he is bound by it, and cannot now claim a broader conspiracy. Cf. United States v. Lopez, 356 F.3d 463, 469 (2d Cir. 2004) (binding

---

[1] The Court takes judicial notice of the Plea Agreement that Claxton entered into with the United States Attorney for the District of the Virgin Islands on June 1, 2007, Docket No. 204 of Crim. No. 06-31.

Government to scope of conspiracy to which it had stipulated in plea agreement); United States v. Granik, 386 F.3d 404, 412-13 (2d Cir. 2004) (holding defendants to factual stipulations in reliance on Lopez).

Count 1 of the Second Superseding Indictment in Crim. No. 06-30 and the evidence adduced at trial in support of the government's case-in-chief concerns a conspiracy running from September 1, 2005 until February 2006 in St. Croix, Virgin Islands. Thus, the location of the two alleged conspiracies is the same and the timing overlaps.

The conspiracy of Crim No. 06-30 allegedly involves Claxton, Zacheaus Blake, Kalif Berry, St. Clair Liburd, and Randy Simon. Thus, the only overlap in personnel between the two conspiracies is Claxton himself.

The overt acts charged and Claxton's role in the two conspiracies are substantially different. The overt acts charged in Count 1 of Crim. No. 06-30 include Blake transporting cocaine powder to his sister's house and cooking cocaine base there for later distribution, Blake storing firearms at his sister's house, Blake and Berry possessing large sums of cash, Claxton storing cocaine powder for Berry and giving it to Berry at Blake's direction, Berry and Liburd cooking cocaine base in a hotel room with the assistance of Winston Samuel, Berry communicating with Blake regarding concealing cocaine and Blake's subsequent concealment of the cocaine at his sister's house, and Blake directing an associate to remove money and firearms from Blake's house and Blake's mother's house. The evidence in the government's case-in-chief tended to support the overt acts of storing and secreting cocaine powder and cocaine base, preparing cocaine base for distribution, and possessing large sums of cash.

The Second Superseding Indictment did not charge Claxton with arranging for the

3

mailing and receipt of marijuana. The evidence submitted in the government' case-in-chief did not tend to show a conspiracy to arrange for or receive marijuana through the mail, or Claxton's involvement in any such conspiracy. Thus, the overt acts and the role that Claxton played in the two conspiracies are significantly different.

Although the time frame of the conspiracy to which Claxton stipulated in Crim. No. 06-31 is subsumed within the time frame of the conspiracy charged in Crim. No. 06-31 and both conspiracies took place in St. Croix, Virgin Islands, the similarities between the conspiracies end there. The conspiracy of Crim. No. 06-31 involves an agreement to receive marijuana by mail. The conspiracy of Crim. No. 06-30 involves an agreement with the goal of secreting cocaine powder and selling it as is or converting it to cocaine base and distributing it.

**III. Conclusion**

Under the totality of the circumstances test, the Court finds that the Claxton has failed to make out a non-frivolous showing of double jeopardy. Even if Claxton has made such showing, the Government has shown by a preponderance of the evidence that the two conspiracies are separate. Therefore, the Court denies Claxton's Motion to Dismiss Based on Double Jeopardy.

ENTER:

DATE: July 17, 2009 _____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE